# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GARY E. SUTTON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 1:15-CV-46-RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the court on the motion of Gary E. Sutton to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. #1]. In addition, movant has filed a motion to amend his motion to vacate [Doc. #2]. The motion will be granted. Moreover, for the following reasons, this action will be transferred to the United States Court of Appeals for the Eighth Circuit.

On October 3, 2006, following a jury trial, movant was found guilty of being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On December 14, 2006, movant was sentenced, *inter alia*, to 280 months' imprisonment, to be followed by a five-year term of supervised release. Movant appealed, and on June 20, 2007, the United States Court of Appeals for the Eighth Circuit affirmed the judgment pursuant to Eighth Circuit Rule 47B.

In the instant action, movant alleges that he was incorrectly sentenced as an

armed career offender. Movant bases his argument primarily on the Supreme Court case *Descamps v. United States*, 133 S.Ct. 2276 (2013), in which the Court held that district courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements. Movant asserts that the instant motion should be considered equitably tolled and timely, because he is factually innocent and has little knowledge of the law.

The court's records show that movant previously brought a motion for relief under 28 U.S.C. § 2255, which was denied on the merits on February 23, 2012. *See Sutton v. United States*, No. 1:08-CV-175-RWS (E.D.Mo). Movant appealed; however, the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal on September 27, 2012.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the United States Court of Appeals for the Eighth Circuit to maintain the instant § 2255 motion in this court, the court lacks authority to grant movant the relief he seeks. Rather than dismiss this action, the court will deny movant relief, without prejudice, and transfer the motion to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Coleman v. United States*, 106 F.3d 339 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996).

Therefore,

**IT IS HEREBY ORDERED** that movant's motion to amend [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the instant motion to vacate is **DENIED**, without prejudice, because movant did not obtain permission from the United States Court of Appeals for the Eighth Circuit to bring the motion in this court. *See* 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** the instant motion to the United States Court of Appeals for the Eighth Circuit pursuant to 28 U.S.C. § 1631.

Dated this 9th day of April, 2015.

_____
**UNITED STATES DISTRICT JUDGE**